IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

GENERAL ELECTRIC CAPITAL CORPORATION,  )
a Delaware corporation,                )
                                       )
                 Plaintiff,            )
                                       )
        v.                             )    Case No. _____
                                       )
DAVID C. FOOTE, an individual,         )
RODNEY SMITH, an individual, and       )
KIM SMITH, an individual,              )
                                       )
                 Defendants.           )

1:02 -CV-1951-JDT

## COMPLAINT

Plaintiff, General Electric Capital Corporation ("GE Capital"), by its attorneys, for its Complaint against Defendants, David C. Foote ("Foote"), Rodney Smith ("Rodney"), and Kim Smith ("Kim") (collectively from time to time hereafter, the "Guarantors"), states as follows:

## JURISDICTION AND PARTIES

1.    GE Capital is a Delaware corporation with its principal place of business located in Stamford, Connecticut.

2.    Foote is an Indiana resident and citizen who resides at 9808 Woodlands Drive, Fishers, Indiana 46038. Foote is the Chief Executive Officer and a member of Monument Transportation LLC d/b/a Illini-Swallow Lines, Inc. ("Monument Transportation").

3.    Rodney is an Indiana resident and citizen who resides at 9030 Cheltenham Way, Avon, Indiana 46123.

4.    Kim is an Indiana resident and citizen who resides at 4048 Millstream Road, Greenwood, Indiana 46143.

QBCHI\322896.1

5.      Jurisdiction is proper in this District pursuant to 28 U.S.C. §1332 because GE Capital and the Guarantors are citizens of different States and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6.      Venue is proper in this District pursuant to 28 U.S.C. §1391 because at least one of the Guarantors resides in this District and all of the Guarantors reside in the same State.

## BACKGROUND FACTS

7.      On or about August 30, 1999, Monument Transportation, as lessee, entered into a Commercial Transportation Lease Agreement ("1999 Lease Agreement") with GE Capital, as lessor, which the parties amended from time to time.  A true and correct copy of the 1999 Lease Agreement with amendments is attached hereto as Exhibit 1.

8.      Pursuant to the 1999 Lease Agreement, GE Capital leased to Monument Transportation five (5) 1999 MCI Coach Buses model 102DL3 ("1999 Coach Buses") for use in Monument Transportation's business.

9.      On or about February 18, 2000, Monument Transportation, as lessee, entered into another Commercial Transportation Lease Agreement ("2000 Lease Agreement") with GE Capital, as lessor, which the parties also amended from time to time.  A true and correct copy of the 2000 Lease Agreement with amendments is attached hereto as Exhibit 2.

10.      Pursuant to the 2000 Lease Agreement, GE Capital leased to Monument Transportation six (6) 2000 MCI Intercity Motor Coach Buses model 102DL3 ("2000 MCI Coach Buses") for use in its business.

11.      On February 20, 2000, Foote executed an unconditional Individual Guaranty ("Foote Guaranty") wherein Foote guaranteed the payment and performance of the entirety of Monument Transportation's  obligations under the 1999 Lease Agreement and the 2000 Lease

Agreement (collectively, the "Lease Agreements"). A true and correct copy of the Foote Guaranty is attached hereto as Exhibit 3.

12. On February 21, 2000, Rodney executed an unconditional Individual Guaranty ("Rodney Guaranty") wherein Rodney guaranteed the payment and performance of the entirety of Monument Transportation's obligations under the Lease Agreement. A true and correct copy of the Rodney Guaranty is attached hereto as Exhibit 4.

13. On February 18, 2000, Kim executed an unconditional Individual Guaranty ("Kim Guaranty") wherein Kim guaranteed the payment and performance of the entirety of Monument Transportation's obligations under the Lease Agreement. A true and correct copy of the Kim Guaranty is attached hereto as Exhibit 5.

14. Under the Lease Agreements, Monument Transportation is obligated to pay rent to GE Capital totaling $43,689.35 per month. See Exhibits 1 and 2.

15. In August 2002, Monument Transportation failed, and has subsequently failed and has continued to fail, to pay rent to GE Capital as required by the Lease Agreements.

16. On October 16, 2002, GE Capital notified Monument Transportation and each of the Guarantors in a letter of that date ("Default Letter") that Monument Transportation was in default under the Lease Agreements due to Monument Transportation's failure to pay rent to GE Capital for the months of August, September, and October 2002 as required under the Lease Agreements. True and correct copies of the Default Letter delivered by GE Capital to each Guarantor and Monument Transportation are attached hereto as Group Exhibit 6. In the Default Letter, GE Capital also demanded immediate payment of all outstanding rent due and owing under the Lease Agreement for the months of August through October 2002. See Group Exhibit 6.

17. Due to Monument Transportation's breach of the Lease Agreement and the Guarantors' failure to satisfy their respective obligations under the Foote Guaranty, the Rodney Guaranty, and the Kim Guaranty (collectively from time to time hereafter, the "Guarantees"), the Guarantors are indebted to GE Capital in an amount totaling the outstanding rent due and owing under the Lease Agreements.

18. Under the terms of the Guarantees and the Lease Agreements, GE Capital is entitled to collect late payments and its attorneys' fees and costs incurred to collect on each of the Guarantees.

COUNT I
(Breach of Guaranty Against Foote)

1-18. GE Capital adopts its allegations contained in Paragraphs 1 through 18 as Paragraphs 1 through 18 of this Count I.

19. The Foote Guaranty constitutes a valid and enforceable agreement.

20. GE Capital has substantially performed each and every term and condition required of it under the Foote Guaranty and Lease Agreements.

21. GE Capital has demanded payment from Foote of the outstanding balance due and owing under the Lease Agreements and the Foote Guaranty.

22. Foote has failed and continues to fail to pay to GE Capital the outstanding balance due and owing under the Lease Agreements as required by the Foote Guaranty.

23. Foote's refusal to pay GE Capital is without cause.

24. Foote has unconditionally and irrevocably waived his right to a jury trial in this matter pursuant to the express terms of the Foote Guaranty.

WHEREFORE, Plaintiff, General Electric Capital Corporation, respectfully requests that this Court enter an Order granting: (a) judgment in its favor and against Defendant, David C.

Foote, jointly and severally with Defendants, Rodney Smith and Kim Smith, in the amount due and owing under the Foote Guaranty, said amount to be proven at trial, plus interest, costs of this suit, and attorneys' fees; and (b) any such further relief as this Court deems just and proper.

COUNT II
(Breach of Guaranty Against Rodney)

1-24.    GE Capital adopts its allegations contained in Paragraphs 1 through 24 as Paragraphs 1 through 24 of this Count II.

25.    The Rodney Guaranty constitutes a valid and enforceable agreement.

26.    GE Capital has substantially performed each and every term and condition required of it under the Rodney Guaranty and Lease Agreements.

27.    GE Capital has demanded payment from Rodney of the outstanding balance due and owing under the Lease Agreements and the Rodney Guaranty.

28.    Rodney has failed and continues to fail to pay to GE Capital the outstanding balance due and owing under the Lease Agreements as required by the Rodney Guaranty.

29.    Rodney's refusal to pay GE Capital is without cause.

30.    Rodney has unconditionally and irrevocably waived his right to a jury trial in this matter pursuant to the express terms of the Rodney Guaranty.

WHEREFORE, Plaintiff, General Electric Capital Corporation, respectfully requests that this Court enter an Order granting: (a) judgment in its favor of and against Defendant, Rodney Smith, jointly and severally with Defendants, David C. Foote and Kim Smith, in the amount due and owing under the Rodney Guaranty, said amount to be proven at trial, plus interest, costs of this suit, and attorneys' fees; and (b) any such further relief as this Court deems just and proper.

## COUNT III
### (Breach of Guaranty Against Kim)

1-30.    GE Capital adopts its allegations contained in Paragraphs 1 through 30 as Paragraphs 1 through 30 of this Count III.

31.    The Kim Guaranty constitutes a valid and enforceable agreement.

32.    GE Capital has substantially performed each and every term and condition required of it under the Kim Guaranty and Lease Agreements.

33.    GE Capital has demanded payment from Kim of the outstanding balance due and owing under the Lease Agreements and the Kim Guaranty.

34.    Kim has failed and continues to fail to pay to GE Capital the outstanding balance due and owing under the Lease Agreements as required by the Kim Guaranty.

35.    Kim's refusal to pay GE Capital is without cause.

36.    Kim has unconditionally and irrevocably waived her right to a jury trial in this matter pursuant to the express terms of the Kim Guaranty.

WHEREFORE, Plaintiff, General Electric Capital Corporation, respectfully requests that this Court enter an Order granting: (a) judgment in its favor and against Defendant, Kim Smith, jointly and severally with Defendants, David C. Foote and Rodney Smith, in the amount due and owing under the Kim Guaranty, said amount to be proven at trial, plus interest, costs of this suit, and attorneys' fees; and (b) any such further relief as this Court deems just and proper.

Respectfully submitted,

GENERAL ELECTRIC CAPITAL
CORPORATION, a Delaware corporation

By: _____
One of Its Attorneys

Jay Jaffe
BAKER & DANIELS
300 North Meridian Street
Suite 2700
Indianapolis, Indiana 46204
317-237-0300

Alexander Terras
Timothy S. Harris
Richard P. Darke
QUARLES & BRADY LLC
500 West Madison Street
Suite 3700
Chicago, Illinois 60661
312-715-5000

QBCHI\322896.1

7